BARRY CO. v. VILLERMIN

(January 17, 1927. Opinion and Decree.)
(January 31, 1927. Rehearing Refused.)
(March 28, 1927. Writ of Certiorari and
Review Denied by Supreme Court.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Compensation—Par. 15.**

A claim for damages can not be pleaded in compensation of a promissory note.

Appeal from First City Court, Division "A". Hon. W. Alexander Bahns, Judge.

Action by E. S. Barry Co., Inc., against A. Villermin.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

H. W. Talbot, of New Orleans, atttorney for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for defendant, appellant.

OPINION

WESTERFIELD, J. Plaintiff sues on the following instrument:

"$125.00         February 9, 1926.
"I promise to pay to the order of E. S. Barry & Co., Inc., one hundred and twenty-five and 00-100 dollars, payable weekly, until paid in full.
"Value received and charge the same to account of    ,
"To _____
"No. _____
              "A. VILLERMIN."

The following credits appear on the reverse of the note:

"Bal. Feb. 9 _____$125.00
"Paid Feb. 13 _____ 5.00

"Bal. Feb. 13 _____$120.00
"Paid Feb. 20 _____ 5.00

"Bal. Feb. 20 _____$115.00
"Paid March 6 _____ 5.00

"Bal. March 6 _____$110.00"

Defendant made several technical defenses such as improper verification and failure to serve citation which we will dismiss with a word because the petition was subsequently properly verified, and no exception to the citation was filed in limine litus and defendant answered to the merits.

Defendant complains that he was not allowed to offer proof in compensation of a claim he makes against plaintiff to the effect "that he gave the note to the plaintiff with the distinct understanding that he was guaranteed a net income of sixty dollars per week out of which the note was to be liquidated and this for hauling for plaintiff; that defendant was obliged to pay losses on account of the failure of plaintiff to carry out its said agreement far in excess of the jurisdiction of this court and the right of action for such excess is specially reserved to defendant".

Counsel calls this defense a failure of consideration, but since his client testified that he received the face of the note in cash, counsel is evidently confused, and if the defense can be classified it is a plea of compensation. Treated as such the evidence offered to sustain it was properly rejected because a claim for damages (this claim can be nothing else) can not be pleaded in compensation of a note because it it not equally liquidated and demandable. Pike vs. Wells, 24 La. Ann. 208. No re-

conventional demand is made, hence the proof offered was properly excluded.

Defendant's counsel says the instrument sued on is not a note, meaning, doubtless, not a negotiable note, for he quotes the definition of a negotiable instrument in the Negotiable Instrument Law. Counsel does not explain what effect this contention could have on the case, and we can see no pertinency on our own account, for the note is still in the hands of the original payee. Under the circumstances we will not discuss the negotiability of the note.

The judgment appealed from is therefore affirmed.